IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JULIUS D. WILEY                                                    Plaintiff

v.                          5:06CV00290 WRW/JFF

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                           Defendant


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

### MEMORANDUM AND ORDER

Plaintiff, Julius D. Wiley, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by bullets in his right hand and leg, his left wrist had a knot from an

operation, he had no use of his middle finger, he could not bend or open his hand, his legs go numb after standing or walking for long periods of time and he could not fully use his left hand. (Tr. 105) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 2, 2006, the date of his decision. (Tr. 26) On September 19, 2006, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 8-10) Plaintiff then filed his complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 45 years old at the time of the supplemental hearing.[2] (Tr. 303) He is a high school graduate. Id. He has past relevant work as a construction worker, working supervisor and

---

[1] The Hon. David J. Manley.

[2] There had been an earlier hearing and decision. (Tr. 341-65, 223-34) The Appeals Council vacated that decision and remanded. (Tr. 235-38) Plaintiff had also filed previous applications that were denied and not appealed. (Tr. 73-75, 208-10, 46-50)

general foreman.  (Tr. 25, 123)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2005).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id., §§ 404.1520(a)(4); 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 25) He found that Plaintiff had "severe" impairments, mild degenerative disc disease, migraine headaches, polymyalgia and possible reflex sympathetic dystrophy,[3] but that he did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's subjective allegations were not borne out by the overall record and were not fully credible to the extent alleged. Id.

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of light work, eroded by the ability to only occasionally use the left hand for pushing and pulling; only occasionally stooping, crawling, crouching, climbing, kneeling, and balancing; reaching, handling, and fingering with the left hand occasionally, but not on a repetitive basis.  He retained the residual functional capacity for semi-skilled work, work where interpersonal contact was routine but superficial and the complexity of tasks was learned by experience with several variables.  Semi-skilled work requires use of judgment within limits, and supervision

---

[3]Diffuse persistent pain usually in an extremity often associated with vasomotor disturbances, trophic changes and limitation or immobility of joints; frequently follows some local injury. PDR Medical Dictionary 558 (2d ed. 2000).

required is little for routine tasks but detailed for non-routine tasks.  Id.

The ALJ found that Plaintiff was unable to perform any of his past relevant work.  Id.  The ALJ correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 24) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, security guard and government park aide. (Tr. 26) Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff contends that the ALJ erred in concluding that his mental impairments were not "severe" and in rejecting assessments from two treating specialists in arriving at that decision. (Br. 5-9)  Plaintiff places undue emphasis on the distinction between impairments that are "severe" and those that are not.  Once a claimant gets past the Step 2 threshold of having a "severe" impairment, the ALJ considers all impairments, including those that are less than "severe," in determining the claimant's residual functional capacity.  20 C.F.R. §§ 404.1545(e); 416.945(e) (2005); Social Security Ruling 96-8p, at 5.

The two treating specialists that Plaintiff references were Stephen A. Broughton, M.D., and David Sizemore, M.D.  Dr. Broughton

6

completed a Medical Source Statement of Ability to Do Work-related Activities (Mental) on October 27, 2004. (Tr. 176-77) He indicated that Plaintiff had poor or none ability to relate to co-workers; deal with the public; interact with supervisor(s); deal with work stresses; maintain attention/concentration; understand, remember and carry out complex job instructions; understand, remember and carry out detailed, but not complex, job instructions and relate predictably in social situations. Id. He indicated Plaintiff had a fair ability to follow work rules; use judgment; function independently; understand, remember and carry out simple job instructions; maintain personal appearance; behave in an emotionally stable manner and demonstrate reliability. Id. He indicated Plaintiff would be able to manage benefits in his own best interest. (Tr. 177) The ALJ considered Dr. Broughton's opinion, but did not give it controlling weight. (Tr. 18-20) He noted that Plaintiff had seen Dr. Broughton on only three occasions, including the date upon which he completed the Medical Source Statement. (Tr. 18) See Randolph v. Barnhart, 386 F.3d 835, 840 (8th Cir. 2004) (doctor had only met with patient on three occasions when she filled out checklist). "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i) (2005). On that latter occasion, the doctor observed that Plaintiff was doing fairly well, but still had some family problems related to the custody of his young son. (Tr. 197) The doctor had noted that Plaintiff was doing

fairly well on the previous visit, too.  (Tr. 198)  The ALJ also noted that the doctor had not prescribed an anti-depressant, but only Trazadone to help him sleep.  (Tr. 198)  From the record, it does not appear that Plaintiff saw Dr. Broughton after October 27, 2004.

In August of 2005, Plaintiff saw a social worker at Southeast Arkansas Behavioral Healthcare System, Inc.  (Tr. 246-49)  On September 21, 2005, Plaintiff saw Dr. Sizemore.  (Tr. 243-45)  The doctor diagnosed major depression, single episode, severe with psychotic features.  (Tr. 244)  He prescribed Cymbyax 12/25 mg one at bedtime.  (Tr. 245)  Interestingly, the doctor noted that Plaintiff did not take prescriptions safely, and still had some that were dated 2000.  (Tr. 244)  There is no indication in the record that Dr. Sizemore saw Plaintiff on any other occasion.

Nancy Toombs, Ph.D., evaluated Plaintiff September 9, 2005. (Tr. 255-62)  She reported that his Minnesota Multiphasic Personality Inventory-II and Computerized Assessment of Response Basis scores indicated malingering.  (Tr. 261-62)  She completed a Medical Source Statement of Ability to Do Work-related Activities (Mental).  (Tr. 263-65)  She noted no more than slight impairment of any function. (Tr. 263-64)  She assessed mild depression, which, if treated, he should do fairly well.  (Tr. 264)  Under the circumstances, the ALJ gave proper weight to the medical opinions in evidence and gave valid reasons for the weight given to them.  The trier of fact has the duty to resolve conflicting medical evidence.  Richardson v. Perales, 402 U.S. 389, 399 (1971); Vandenboom v. Barnhart, 412 F.3d 924, 928 (8th Cir. 2005).

It is also significant that Plaintiff did not allege a disabling mental impairment in his application for disability benefits, see Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993), and did not offer it at the hearing as a basis for disability.  Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993); see Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (claimant did not allege disability due to mental impairment and presented only minimal evidence of anxiety).  The fact that he did not allege depression in his application is significant, even if evidence of depression was later developed.  Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001).

Plaintiff also contends that the vocational expert had difficulty establishing basis for the number of jobs that she identified as the type that he could still perform.  (Br. 10-12)  Plaintiff quotes extensively from his attorney's cross-examination of the vocational expert.  Id.  As the Court reads that testimony, any difficulty for the vocational expert came in identifying the number of gate guard jobs in the economy.  That is not the job that the ALJ found that Plaintiff could perform; he found him capable of a security guard job or a government park aide.  (Tr. 26)  Plaintiff's point is not well taken.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan,

956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 8th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE